FILED
United States Court of Appeals
Tenth Circuit

February 6, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RONALD JENNINGS FOGLE,

    Plaintiff - Appellant,

v.

JOHN PALOMINO, individually and in
his official capacity as former CCCF
Investigator,

    Defendant - Appellee.

No. 16-1261
(D.C. No. 1:14-CV-00880-KLM)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.
_____

    Ronald Fogle, an inmate in the custody of the Colorado Department of

Corrections, brought this pro se action seeking damages under 42 U.S.C. § 1983 against

John Palomino, a former investigator at the Crowley County Correctional Facility

(CCCF).  He claims that his rights under the First, Eighth, and Fourteenth Amendments

were violated when, in retaliation for his sending a letter to an inmate at another

institution, he was placed in administrative segregation for two weeks and then was not

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously
that oral argument would not materially assist in the determination of this appeal.  *See*
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted
without oral argument.  This order and judgment is not binding precedent, except under
the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1.

permitted to return to his job as a law clerk in the prison library.  The United States District Court for the District of Colorado granted Mr. Palomino summary judgment and denied Mr. Fogle summary judgment.  Mr. Fogle appeals.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

We construe pro se pleadings liberally but we do not serve as Mr. Fogle's advocate.  *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Although he advanced additional claims in district court, we discern at most two claims in his appellate brief:  (1) a procedural-due-process claim for being placed in segregation without notice or a hearing, and (2) a First Amendment retaliation claim asserting that he was punished "for writing a letter criticizing prison staff," Aplt. Br. at 8.

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a).  We view the evidence in the light most favorable to Mr. Fogle.  *See Kilcrease v. Domenico Transp. Co.*, 828 F.3d 1214, 1218 (10th Cir. 2016).

The relevant facts are as follows:  On September 2, 2012, Mr. Fogle wrote a letter to David Rohde, a former CCCF inmate then incarcerated at another facility, complaining about his supervisor at the law library.  It was addressed to Mr. Rohde's daughter, apparently for forwarding to her father, but it was returned to the prison as undeliverable. Prison staff then read the letter and Mr. Fogle was placed in administrative segregation for about two weeks pending an investigation into whether the letter presented any security threats.  He received no notice before his removal from the general prison population and he was provided no hearing.

2

We address the due-process claim first. Procedural due process is generally required by the Fourteenth Amendment before a state deprives a person of property or liberty. *See Brown v. Eppler*, 725 F.3d 1221, 1225 (10th Cir. 2013) ("Procedural due process guarantees apply . . . to those liberty and property interests encompassed by the fourteenth amendment." (internal quotation marks omitted)). But Mr. Fogle has failed to show that he was deprived of a liberty interest protected by the Constitution. In the prison context, "[a] protected liberty interest only arises from a transfer to harsher conditions of confinement when an inmate faces an atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Rezaq v. Nalley*, 677 F.3d 1001, 1011 (10th Cir. 2012) (internal quotation marks omitted). We typically consider four nondispositive factors in determining whether a segregation imposes such a hardship: "(1) the segregation relates to and furthers a legitimate penological interest, such as safety or rehabilitation; (2) the conditions of placement are extreme; (3) the placement increases the duration of confinement . . . ; and (4) the placement is indeterminate." *Estate of DiMarco v. Wyo. Dep't of Corr., Div. of Prisons*, 473 F.3d 1334, 1342 (10th Cir. 2007). In doing so, we "must be mindful of the primary management role of prison officials who should be free from second-guessing or micro-management from the federal courts." *Id.*

Based on these factors, the district court concluded that the placement of Mr. Fogle in administrative segregation did not implicate a liberty interest. Other than making a conclusory assertion that this case is distinguishable from an unpublished Tenth Circuit case, he makes no effort to challenge the court's conclusion, focusing instead on describing the process he believes was owed him before placement in segregation.

3

Because the district court's analysis is sound, we affirm the grant of summary judgment on this claim.

Mr. Fogle fares no better with his First Amendment retaliation claim. He argues that the district court erred in granting summary judgment because a reasonable jury could determine that he was punished for sending the letter to Mr. Rohde, an act that he asserts was constitutionally protected speech. To survive summary judgment on this claim, he must show "(1) he was engaged in constitutionally protected activity, (2) the government's actions caused him injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the government's actions were substantially motivated as a response to his constitutionally protected conduct." *Mocek v. City of Albuquerque*, 813 F.3d 912, 930 (10th Cir. 2015) (internal quotation marks omitted). And because he is seeking only damages against Mr. Palomino in his individual capacity, he must surmount an additional hurdle. Under the doctrine of qualified immunity for government officers and employees, Mr. Palomino is protected from financial liability as long as he did not violate clearly established federal law. *See Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016) ("Qualified immunity protects government officials from suit for civil damages if their conduct does not violate clearly established statutory or constitutional rights."). "A right is clearly established in this circuit when a Supreme Court or Tenth Circuit decision is on point, or if the clearly established weight of authority from other courts shows that the right must be as the plaintiff maintains." *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014) (internal quotation marks omitted).

Mr. Palomino is entitled to qualified immunity. Prisoners are protected by the Constitution, but "[their] rights may be restricted in ways that would raise grave First Amendment concerns outside the prison context." *Gee v. Pacheco*, 627 F.3d 1178, 1187 (10th Cir. 2010) (internal quotation marks omitted). In particular, although "[a] prisoner has a constitutional right to have his outgoing mail processed for delivery," that right can be restricted if there are "legitimate penological interests to the contrary." *Id.* at 1188. Here, the content of the letter to Mr. Rohde could reasonably raise concerns about the prison librarian's safety. Mr. Fogle has not cited, and we have not found, any case holding that prison officials violated the First Amendment in similar circumstances. Mr. Palomino was therefore entitled to summary judgment.

Finally, we address three other arguments that Mr. Fogle may be making in his appellate brief. He asserts that "the district court erred in dismissing plaintiff's claim that he was denied particular job assignments or was transferred from one job to another in retaliation for filing administrative grievances or the present civil rights action." Aplt. Br. at 10. But he fails to further develop this possible claim either factually or legally, and it apparently was not raised below. We have no obligation to address it. *See United States ex rel. Thomas v. Black & Veatch Special Projects Corp.*, 820 F.3d 1162, 1166 n.1 (10th Cir. 2016) ("Because these arguments were not raised in the district court, we do not consider them."). Second, he complains that "[t]he hearsay rule is unfair" given his inability to obtain affidavits from prison staff. Aplt. Br. at 15. But he suggests no facts that would save his claim. Third, he says that the district court should have granted his request to add additional defendants. The district court denied the request as futile. We

5

affirm that decision because Mr. Fogle has not attempted to explain how he had a proper claim against any of the proposed defendants.

We **AFFIRM** the judgment of the district court.

Entered for the Court


Harris L Hartz
Circuit Judge

6